# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LAWRENCE DAMINGO RILEY**                                                                                           **PLAINTIFF**

**V.**                                                                                               **NO. 4:16-CV-00120-DMB-JMV**

**EARNEST LEE, et al.**                                                                                          **DEFENDANTS**

## MEMORANDUM OPINION

On June 13, 2016, Lawrence Domingo Riley filed a pro se prisoner complaint challenging the conditions of his confinement under 42 U.S.C. § 1983.[1] Doc. #1. 42 U.S.C. § 1983 provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Riley argues that Defendants, by imposing an extended lockdown on his unit and denying him access to the Court: (1) violated his Eighth Amendment right against cruel and unusual punishment, (2) are liable under 42 U.S.C. § 1983 for failure to train its officers, and (3) violated his Fourteenth Amendment right to due process. On October 4, 2016, Riley filed a "Motion for a Brief,"[2] and on October 25, 2016, he filed a motion to amend his original complaint.[3] Doc. #9; Doc. #10. On November 17, 2016, United States Magistrate Judge Jane M. Virden entered an order denying both motions on the basis that the incidents alleged in both motions occurred after the filing of his original complaint; thus he could not have exhausted his administrative remedies. Doc. #11. The Court therefore will only address the allegations in Riley's complaint.

---

[1] For purposes of the Prison Litigation Reform Act, the Court notes that Riley was incarcerated when he filed this suit.

[2] Riley reiterated the same allegations in his complaint, adding the arguments that officers "did not give us a 'shower' and it's been [five] days and the food was 'cold' and the officer's did not care because they are doing a "double shift!" Doc. #9 at 3.

[3] Riley argued that MDOC committed an "in house kidnapping" by holding him in lockdown for more than twenty days, as prohibited by MDOC's disciplinary policy; and another inmate, who is not a party to this suit, was shocked by wires that were coming out of the walls in the cell. Doc. #10 at 1, 2.

# I
# Factual Allegations

Riley is an inmate who, at the time of his complaint, was housed in Unit 29-H A-Zone at the Mississippi State Penitentiary. On February 21, 2016, Unit 29-H A-Zone was placed on lockdown after two inmates caused a disruption. The matter was resolved once officers investigated the incident and moved the two inmates to another unit; however, the lockdown remained.[4] On July 1, 2016, Lt. Hampton and Capt. Porter entered Unit 29-H A-Zone during the lockdown and removed the television sets "for no reason."[5] On July 5, 2016, Superintendent Earnest Lee was called to Unit 29-H A-Zone "about a 'boycott' for refusing to eat the 'dinner trays.'" Superintendent Lee arrived at the unit but left without discussing the issue. Riley was subsequently moved to B-Zone where television was not available. Riley argues that the extended lockdown without access to television constitutes cruel and unusual punishment under the Eighth Amendment and that MDOC should be held liable for failing to train the officers who removed the televisions from the unit. Riley further argues that the denial of his right to go through the administrative remedies program process is a violation of his Fourteenth Amendment right to due process.

# II
# Discussion

### A. Cruel and Unusual Punishment

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). In order to show a violation of

---

[4] According to Riley, as of the date of his complaint, the unit had been on lockdown for ninety days. Doc. #1 at 7.

[5] In a subsequent motion Riley filed, he alleges it was Warden Morris and Superintendent Lee who came to the unit and removed the televisions. Doc. #9 at 2.

the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must meet two requirements – one objective and one subjective. *Harris v. Angelina Cty., Tex.*, 31 F.3d 331, 334 (5th Cir. 1994). "Under the objective requirement, the deprivation must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Id*. (quoting *Wilson v. Seiter,* 501 U.S. 294, 304, (1991)). "Under the subjective requirement, the court looks to the state of mind of the defendant; deliberate indifference on the part of prison officials will suffice to meet this requirement." *Id*.

Riley argues that the long term lockdown and deprivation of television constitutes cruel and unusual punishment. However, Riley has failed to allege any facts to support his contention that he is being denied his basic human needs or being subjected to inhumane living conditions as a result of the lockdown. *See Woods v. Edwards,* 51 F.3d 577, 581 (5th Cir. 1995) (no Eighth Amendment violation where inmate alleged conditions of extended lockdown, four years, contributed to his health problems). As for Riley's contention that the deprivation of television constitutes cruel and unusual punishment, television is a privilege and not a *necessity*, and the denial of such privilege does not rise to the level of a constitutional violation. *See Dickens v. Taylor*, 464 F. Supp. 2d 341, 353 (D. Del. 2006) ("Television privileges … do not constitute necessities"); *Wilson v. Lynaugh*, 878 F.2d 846, 849 n.5 (5th Cir. 1989) (quoting *Harris v. Fleming,* 839 F.2d 1232, 1235–36 (7th Cir.1988)) ("Inmates cannot expect the amenities, conveniences and services of a good hotel."). As such, the Court finds that Riley has not asserted a violation subject to the Eighth Amendment's protection against cruel and unusual punishment.[6]

---

[6] Under limited circumstances, a local government or municipality may be liable under 42 U.S.C. § 1983 when it fails to train its employees "about their legal duty to avoid violating citizens' rights." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Because the Court has already found that Riley failed to plead any circumstances that rise to the level of a constitutional violation, it will not address the merits or applicability of his failure to train claim.

### B. Due Process

The Fourteenth Amendment affords prisoners due process rights. *See* U.S. Const. amend. XIV. In order to prevail on a due process violation under the Fourteenth Amendment, inmates "must demonstrate that they have been deprived of a protected liberty or property interest by arbitrary government action." *Williams v. Lane,* 851 F.2d 867, 879 (7th Cir. 1988).

Here, Riley contends that the rejection of his entrance into the ARP process violated his due process rights. However, the evidence Riley presented the Court to support his contention does not show a rejection; rather, it shows that he did not follow proper procedure to submit his request to the ARP and that he was given the opportunity to resubmit his request in accordance with the guidelines.[7] As such, the Court finds that Riley has asserted no interest protected by the Fourteenth Amendment and thus fails to allege a cognizable claim against Defendants for due process violations.

### III
### Conclusion

For the reasons above, Riley's complaint [1] is **DISMISSED** for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue.

**SO ORDERED**, this 21st day of November, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[7] Riley was informed that he should comply with the following guideline before resubmitting his ARP: "only one complaint/request will be accepted. If your letter contains more than one complaint…it will be rejected and returned to you." *See* Doc. #1 at 6.